UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KATHLEEN MARY GERHARZ,

        Plaintiff,

v.                                                Case No. 18-C-500

NEMAK CORPORATION,

        Defendant.

## SCREENING ORDER

Plaintiff Kathleen Mary Gerharz filed a complaint asserting claims of harassment against her former employer, Nemak Corporation. Plaintiff seeks leave to proceed without prepayment of the filing fee in this case. District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Polestra*, 230 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle her to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and her statements need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Here, Plaintiff's complaint, liberally construed, does not state an employment discrimination claim as it contains no allegations that Plaintiff was discriminated against because she was a member of a protected class. *See Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016) (noting that a plaintiff in an employment discrimination case must show that "the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the discharge or other adverse employment action"). Plaintiff asserts other employees mocked her and took things from her cleaning cart, so she "always had to watch her back." ECF No. 1 at 3. But poor treatment is not grounds to bring a federal civil rights lawsuit. Accordingly, Plaintiff's complaint is dismissed for failing to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED without prejudice**.

Dated this   2nd   day of April, 2018.

                                                s/ William C. Griesbach
                                                William C. Griesbach, Chief Judge
                                                United States District Court